IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD G. JOHNSON, | : |
|     Petitioner, | : |
| v. | :   Civ. A. No. 07-837-JJF |
| PHIL MORGAN,[1] Warden, | : |
|     Respondent. | : |

**O R D E R**

Petitioner Ronald G. Johnson has filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241. (D.I. 1.) Petitioner contends that his continued pre-trial detention is unconstitutional and illegal for the following two reasons: (1) his right to a speedy trial has been violated due to the indefinite continuance of his case in the Delaware Family Court; and (2) the Family Court has violated Petitioner's right to due process by ignoring his motions to dismiss for failure to prosecute as well as his motions to dismiss for lack of a victim witness. (D.I. 1.)

The Court hereby informs Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, applies to his petition and effectively precludes him from filing a second or subsequent habeas petition except in the most

---

[1] Warden Phil Morgan assumed office in February 2008, replacing Raphael Williams, an original party to this case. See Fed. R. Civ. P. 25(d).

unusual of circumstances. See United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). However, the Court also notes that Petitioner was released from prison sometime in April, 2008 because he personally appeared in the Clerk of the Court's Office to file a change of address in two other cases pending in the Delaware District Court: Johnson v. Bingnear, 08-196-JJF and Johnson v. Alfree, 06-240-SLR. Thus, the issue here is whether the State's release of Petitioner caused his pending Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.[2]

THEREFORE, at Wilmington this 28 day of April, 2008,

IT IS ORDERED that:

1. No later than May 23, 2008, Petitioner Ronald G. Johnson

---

[2] Federal courts do not have jurisdiction to review moot claims. Lewis v. Continental Bank, Corp., 494 U.S. 472, 477-78 (1990); North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). A case becomes moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982)(internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. Kissinger, 309 F.3d at 180. When, as here, a petitioner does not challenge a state conviction, he can only satisfy Article III's "actual controversy" requirement by demonstrating continuing collateral consequences stemming from an illegal custody that are "likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998).

shall show cause in writing why the Petition should not be dismissed as moot, and file such cause with the Court.

    2.  No later than May 23, 2008, Petitioner shall also file the attached election form with the Court. Failure to timely return the completed election form will result in the Court's ruling on the pending Petition as filed.

    3.  The Clerk of the Court shall send this Order to Petitioner at the address of record listed in this case, as well as to Petitioner's new address at 1107 Columbia Avenue, Wilmington, DE 19805.

                                                                    UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON,                    :
                                      :
      Petitioner,                     :
                                      :
v.                                    :       Civ. A. No. 07-837-JJF
                                      :
PHIL MORGAN, Warden,                  :
                                      :
      Respondent.                     :

**AEDPA ELECTION FORM**

1. _____   I wish the Court to rule on my § 2241 petition as currently pending. I realize that the law does not allow me to file successive or later petitions unless I receive certification to do so from the United States Court of Appeals for the Third Circuit; therefore, this petition will be my one opportunity to seek federal habeas corpus relief.

2. _____   I wish to amend my § 2241 petition to include all the grounds I have. I will do so within thirty (30) days. I realize that the law does not allow me to file successive or later petitions unless I receive certification to do so from the United States Court of Appeals for the Third Circuit; therefore, this amended all-inclusive petition will be my one opportunity to seek federal habeas corpus relief.

3. _____   I wish to withdraw my § 2241 petition without prejudice to file one all-inclusive petition in the future; that is, one

4

                that raises all the grounds I have for federal habeas corpus relief. I realize this all-inclusive petition must be filed within the one-year period as defined by 28 U.S.C. § 2244(d). See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

4. _____  I am not seeking federal habeas corpus relief under § 2241. I am instead seeking relief under _____.

                _____
                Petitioner